UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZACHARY WALDVOGEL,

    Plaintiff,                                                Case No.: 8:26-cv-30

v.

BLUEWAVE RESOURCE PARTNERS, LLC
and WALT DISNEY IMAGINEERING
RESEARCH & DEVELOPMENT, INC.

    Defendants.
_____/

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS
ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, Zachary Waldvogel, by and through the undersigned counsel, herein files this Complaint and sues the Defendants, BLUEWAVE RESOURCE PARTNERS, LLC and WALT DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC. pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, Zachary Waldvogel, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201*, et seq.,* (the "FLSA"). Plaintiff alleges that he is entitled to unpaid overtime

wages as required by 29 U.S.C. Section 207.

2. The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Throughout Plaintiff's employment with the Defendants, his joint employers, he was required to work in excess of forty (40) hours per week and did so.

4. Pursuant to policy and scheme to avoid paying Plaintiff overtime compensation as mandated by the FLSA, Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

5. The Defendants should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per work week at rates of time and one half the regular rate of pay.

6. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, et seq.

8. This Court has personal jurisdiction over the Defendants in this action because the damages at issue occurred in Hillsborough County, Florida.

9. Venue is proper to this Court pursuant to 28 U.S.C. Section 1391(b) since the acts complained of herein took place in this District.

10. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

11. Defendant, BLUEWAVE RESOURCE PARTNERS, LLC, (Bluewave) is a Florida Limited Liability Company with a principal address of 250 North Orange Ave., Suite 900, Orlando, FL 32801. Defendant Bluewave may be served through its registered agent CHARLES LEWIS at 250 North Orange Ave., Suite 900, Orlando, FL 32801.

12. Defendant WALT DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC. (Disney) is a Foreign Profit Corporation with a principal address of 1401 Flower St., Glendale, CA 91201. Defendant Disney may be served through its registered agent CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301-2525.

13. At all times relevant, Plaintiff worked for Defendants from his home in Hillsborough County, Florida.

14. Defendants engage in interstate commerce under the definition of the FLSA and upon information and belief, individually and combined have annual gross revenues of more than $500,000.00 over the past three years and are subject to enterprise coverage under the FLSA.

15. At all times material, Plaintiff performed work for Defendants jointly.

16. Thus, Defendants are employers as defined by the FLSA and are joint employers of the Plaintiff.

## FACTUAL BACKGROUND

17. Plaintiff was jointly employed by the Defendants as an IT Project Manager from approximately November 2021 to August 28, 2025.

18. Defendant Bluewave hired Plaintiff to work for its client, Defendant Disney.

19. Defendant Disney directed and controlled the day-to-day work of Plaintiff and is jointly responsible for the compensation plans and unlawful pay practices complained of herein.

20. At all times relevant, Plaintiff worked for Defendants from his home in Hillsborough County, Florida.

21. Defendants paid Plaintiff an hourly rate.

22. Plaintiff routinely worked hours in excess of 40 per week throughout his employment as an IT Project Manager.

23. Defendants did not accurately track and record the work hours of Plaintiff.

24. Plaintiff submitted timesheets to Defendants for the hours he worked, but Defendants discouraged him from reporting the overtime hours he actually worked.

25. Defendants had actual and constructive knowledge that Plaintiff was working overtime hours.

26. Despite regularly working in excess of 40 hours per week during his employment with Defendants, Plaintiff was not paid overtime compensation, either half time or at one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

27. Defendants do not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

28. Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

29. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

30. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

31. The Defendants are Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

32. The overtime wage provision set forth in FLSA Section 207 applies to Defendants as they have engaged in commerce under the definition of the FLSA and have revenues of greater than $500,000 annually.

33. Throughout Plaintiff's employment for Defendants, he was not paid overtime compensation for the hours worked in excess of forty (40) per week.

34. Defendants paid Plaintiff on an hourly basis.

35. Defendants are aware, or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

36. Defendants knew that since Plaintiff was an hourly employee, that he was a non-exempt employee and should have been paid overtime wages.

37. Defendants have thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

38. During the relevant time period, Defendants required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime. Defendants were aware Plaintiff was working over 40 hours routinely to perform his job duties.

39. Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half the regular rate of pay, for all such hours, for the purposes of decreasing labor costs and maximizing profitability.

40. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants in some manner or form. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

41. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

42. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**WHEREFORE**, Plaintiff, Zachary Waldvogel, demands judgment against Defendants for unpaid overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, including liquidated damages, and payment of his incurred attorneys' fees and costs (pursuant to Section 216 of the FLSA), and such other and further equitable relief that the Court deems just and proper, including an ORDER directing the Defendants to amend their unlawful pay practices.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated January 7, 2026.

        Respectfully submitted by,

        */s/ Mitchell Feldman, Esq.*
        Mitchell Feldman, Esq.
        FB #0080349
        **Feldman Legal Group**
        12610 Race Track Rd., Suite 225
        Tampa, FL 33626
        mfeldman@flandgatrialattorneys.com
        tel 813 639-9366, fax: 813 639-9376
        *Lead Attorney for Plaintiff*